WASHINGTON KING *v.* FANNY SHARP, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—307.]

**Mistake in Conveyance Not Ground for Rescission.**

Where there is a mistake in a deed by which it is made to convey more land than was purchased, which mistake might have been readily ascertained by ordinary diligence on the part of the purchaser before putting lasting improvements on the land, and after he has delayed for more than six years, he has no equitable right to a rescission of the contract of sale, when its effect would be not only to refund the purchase-money but to pay a large debt for improvements put on the lot by the purchaser.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 3, 1885.

OPINION BY JUDGE LEWIS:

February 21, 1876, R. P. Sharp, now deceased, and Fanny Sharp, his wife, conveyed to appellant, King, by deed duly acknowledged, a lot of land in Owensboro described in the deed as follows: "Beginning at M. Boulware's southwest corner standing in the east margin of Triplett street; thence along said street southwardly 313 feet; thence at right angle eastwardly 162 feet to Jas. F. Snead's southwest corner; thence with Snead's line northwardly 313 feet to his northwest corner; thence with Boulware's line 162 feet to the beginning, containing about one and one-sixth acres, and being the piece of land lying in part of and between J. F. Snead's lot and Triplett street, and the same mortgaged to A. S. Newell (see Book 29, p. 1967 and 1968) but now redeemed."

June 12, 1882, appellant commenced this action against appellee, Fannie Sharp, executrix and devisee of R. P. Sharp, deceased, and J. F. Snead was also made a party defendant. In his petition he

prays judgment for the entire lot contained within the boundary described in the deed made to him, a portion of which he states is in her possession. But if that prayer is refused then he prays for a rescission of the contract and a recovery of $765, the purchase-price paid by him for the lot, and interest thereon, and for $1,500, value of improvements put on the lot by him. The lot appears to have been a portion of a tract of land off of which R. P. Sharp, deceased, had sold one lot to Boulware lying on Triplett street north of the one sold to King, another to Snead east of it, and retained one lying on the street south of the King lot.

If the line of the lot sold to King be extended from Boulware's southwest corner along Triplett street south 313 feet, and thence at right angles, eastwardly 162 feet, according to the calls in the deed, a large portion of the unsold lot, and a part of the dwelling-house in which the appellee resides will be included, while the other line will not only run about 150 feet south of Snead's southwest corner called for in the deed, but will fall short of that corner about the same distance. It is therefore demonstrated that the call of 313 feet along Triplett street was intended by the parties to apply to the line running from the street eastward to Snead's southwest corner, and that the length of the line along the street should be only 162 feet. This is shown by the calls in the mortgage to Newell referred to in the deed.

It being clear that the appellant did not purchase beyond the distance of 162 feet from Boulware's southwest corner, and that the deed was by mistake so drafted as to include a part of the unsold lot on which appellee resides, he has no right to recover any of it, and the deed should be reformed so as to include only such land as was actually sold to him. It seems that in running the line eastward from Triplett street 313 feet it will extend beyond Snead's southwest corner, and that the calls of the deed, as well as the calls in the mortgage to Newell, if followed, include a part of his lot, which, of course, Sharp had no right to convey. On the other hand, according to the deed which appellee has tendered to appellant since this action was commenced, which appellant, King, also signed and which by the judgment appealed from appellant is required to accept, it is agreed that there was a mistake in the first deed, and that the distance from Boulware's southwest corner along Triplett street is 169 instead of 162 feet, and the line extending eastward

41

consequently goes south of Snead's southwest corner, thus including more land on that line than it appears was originally intended by the parties.

The lot by reason of shortening the line running eastward is one-fifth or one-sixth of an acre. How much the gain may be by lengthening the line along Triplett street does not appear, and consequently there is no way to determine except by calculation what is the precise deficiency. It certainly is not enough under the circumstances of this case to authorize a rescission of the contract. There is no pretense that the vendor, R. P. Sharp, fraudulently misrepresented the quantity of land contained in the boundary, or the location of any of the lines and corners.

By the terms of the deed the grantor covenants to convey not a certain fixed quantity of land, but only about one and one-sixth of an acre, and there is nothing in the circumstances in this case authorizing the belief that the parties did not regard the transaction as a sale in bulk. But be that as it may, it was incumbent upon appellant to have ascertained, as he might have done by ordinary diligence, before putting the lasting and valuable improvements on the land, where the boundary of his lot was.

But having delayed more than six years it seems to us he has no equitable right to a rescission of the contract of sale, when the effect of it will be to not merely compel appellee to refund the purchase-money and interest, but to pay a large debt for improvements put on the lot by appellant, as we must believe, in bad faith, for he now admits there was a mistake in the calls of the deed and was bound to know the location of the lot, and might easily have ascertained the quantity of land.

There is no prayer in appellant's petition for judgment on account of the alleged deficiency. Even if there had been we are inclined to believe he would not be entitled to recover therefor.

Judgment *affirmed*.

*Owen & Ellis, for appellant.*

*Williams & Powers, for appellee.*